UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK VELICER, et al.,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>FALCONHEAD CAPITAL LLC,<br><br>　　　　　　　Defendant. | CASE NO. C19-1505 JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' STIPULATED MOTION |

Before the court is the parties' stipulated motion to extend the unexpired deadlines in the scheduling order by 90 days and to grant Defendant Falconhead Capital, LLC ("Falconhead") additional time to respond to Plaintiffs' first amended complaint. (*See* Stip. Mot. (Dkt. # 25); *see also* Sched. Order (Dkt. # 18); FAC (Dkt. # 23).) The parties filed their stipulated motion three days after Falconhead filed a contested motion seeking a 90-day extension of the same case schedule deadlines. (*See* Mot. (Dkt. #24).) Thus, the court STRIKES Falconhead's contested motion (Dkt. # 24) as MOOT and DIRECTS

//

ORDER - 1

the Clerk to remove it from the court's calendar.  The court has reviewed the parties' stipulated motion and GRANTS in part and DENIES in part the stipulated motion.

The parties make two requests in their stipulated motion:  (1) they seek an extension of Falconhead's deadline to respond to Plaintiffs' first amended complaint from April 14, 2020, to April 28, 2020, "to avoid interference with the Easter holiday" (*see* Stip. Mot. at 2-3); and (2) they seek to extend all unexpired case deadlines and the trial date by 90 days (*see id.* at 3).  The court grants the parties' first request and extends Falconhead's deadline to respond to Plaintiffs' first amended complaint to April 28, 2020.  The court denies the parties' second request as more fully described below.

Preliminarily, the court notes that the parties' first unexpired deadlines in this case—the deadlines for amended pleadings and for the disclosure of expert testimony—do not expire until September 2, 2020.  (*See* Sched. Order at 1.)  Further, the parties' discovery cutoff is not until November 2, 2020, and the trial is not scheduled to commence until March 1, 2021.  (*See id.* at 1-2.)  Nevertheless, the parties seek a 90-day extension of all unexpired case deadlines because "their ability to efficiently litigate . . . has been hampered by the COVID-19 pandemic and the related stay-at-home orders." (Stip Mot. at 2.)  Without providing any specific information or detail, they state that their "access to documents and services necessary for the litigation of this action has been substantially limited." (*Id.*)  They also state that the pandemic "impacts their ability to engage in potential third-party discovery or to travel to conduct depositions in person, which the parties wish to do if feasible." (*Id.*)  In addition, the parties assert that the pandemic "will likely impact the [c]ourt's ability to address any discovery disputes that

may arise." (*Id.*)  Finally, the parties argue that granting the extension will advance the interests of the court because the pandemic has caused the court to continue all trials for a period of time and "[e]xtending the deadline here will ensure that there is adequate space on the calendar to reschedule these delayed trials and otherwise balance the [c]ourt's workload in the coming months." (*Id.* at 3.)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes.  Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Id.* at 608.  Further, the court's scheduling order states that the dates are "firm" and that "[t]he court will alter these dates only upon good cause shown." (Sched. Order at 2.)  The order clarifies that "failure to complete discovery within the time allowed is not recognized as good cause." (*Id.*)

//

| 1 | The court concludes that the parties have not established good cause for an
| 2 | extension of the case deadlines.  The parties provide the court with no specifics
| 3 | concerning any discovery that they have been unable to obtain due to circumstances
| 4 | surrounding the COVID-19 pandemic.  They assert that the pandemic has "substantially
| 5 | limited" their access to documents and "potential" third-party discovery, but they do not
| 6 | identify any documents or other discovery that they have been unable to obtain.  The
| 7 | parties assert that the pandemic impacts their ability to take depositions in person, but
| 8 | they do not discuss why they cannot conduct such depositions by telephone or other
| 9 | remote means.  Although the court understands the parties' preference for taking
| 10 | depositions in person, given the present circumstances, the court urges the parties to
| 11 | consider available alternatives.  *See* Fed. R. Civ. P. 30(b)(4) ("The parties may
| 12 | stipulate—or the court may on motion order—that a deposition be taken by telephone or
| 13 | other remote means.").  Further, despite the pandemic, the court is fully capable of
| 14 | resolving any discovery disputes that the parties cannot resolve themselves.  Indeed, the
| 15 | pandemic has not affected the court's ability to resolve written motions or to conduct
| 16 | telephonic hearings pursuant to Local Rule LCR 7(i).  *See* Local Rules W.D. Wash. LCR
| 17 | 7(i).  Finally, although the court appreciates the parties' concern regarding the number of
| 18 | trials that have been postponed due to the pandemic, postponing the trial here is unlikely
| 19 | to aid the court's related scheduling issues.  Accordingly, the court denies the portion of
| 20 | the parties' stipulated motion seeking a 90-day extension of all unexpired case schedule
| 21 | deadlines.
| 22 | //

Although the court cannot grant the parties' request for a 90-day extension of their trial date, the court is willing to drop this case to the end of its trial calendar and issue a new case schedule for all unexpired deadlines based on that new trial date. If the parties would like to move their trial date to the end of the court's trial calendar, they may file a stipulation to so notify the court. The parties should be aware that the court is presently setting trials in approximately July 2021.

In sum, the court GRANTS in part and DENIES in part the parties' stipulated motion (Dkt. # 25), STRIKES Falconhead's contested motion (Dkt. # 24) seeking the same relief as MOOT, and DIRECTS the Clerk to remove Falconhead's motion from its calendar.

Dated this 13th day of April, 2020.

JAMES L. ROBART
United States District Judge